Good morning. May it please the court. In this case, substantial evidence does not support the IJ's and the BIA's adverse credibility finding. After recognizing that the IJ's decision was littered with speculation and conjecture, the BIA nevertheless upheld the adverse credibility finding based on three reasons. However, none of those reasons are supported by substantial evidence. First, the board held that Mr. Singh's testimony was internally inconsistent with whether his father was living at home or not at the time of his testimony. However, that inconsistency simply does not exist. At the beginning of Mr. Singh's testimony, he was generally asked, where do your parents live? To which he responded, village scoper. Here it becomes clear that he was indicating where his parents' home was, not necessarily where his father was at that current place in time. However, if we look further in the testimony to the alleged inconsistency, Mr. Singh was specifically asked, where is your father today? That is a much more specific question. And to that, of course, he answered that his father had left home and was fleeing in order to try to avoid the police's arrest. Now, this is also supported by Mr. Singh's repeated testimony indicating that scoper was the village where his father's home was. Clearly, Mr. Singh was simply saying his father lived in village scoper, but at the current time was avoiding the arrest by the Punjab police. However, even if this court were to believe that this were an inconsistency, it does not go to the heart of Mr. Singh's claim. Because irregardless of whether his father was at home at the time of his hearing, it does not affect the arrest and the circumstances surrounding the arrest, which form the basis of his asylum claim. Well, except the heart of his claim is his father. It is, Your Honor, but it's regarding his whether he was asked or whether the imputed political opinion of his father and his known associates were imputed to him. And that, of course, specifically relates to when he was in India and what the police said to him and why he was arrested. However, if the court were to believe that this was an inconsistency and it did go to the heart of the claim, Mr. the I.J. erred because he never confronted Mr. Singh with this inconsistency and never gave him an opportunity to explain. Thus, this could not work. It seemed like this I.J. was in a bit of a hurry. Yes. Yes, Your Honor. This is also evident throughout the decision as well because most of the claims or the holdings by the judge are very general and are not specific enough. And by and also the BIA's decision is as well. Now, also the BIA secondly held that Mr. Singh's testimony regarding the details of his arrest were inconsistent with his father's Asa Singh's affidavit. However, as an initial matter, the BIA did not specify what those inconsistencies were. Thus, it did not provide a sufficiently specific or cogent reason. And that, of course, cannot support an adverse credibility finding. However, the counsel for the respondent speculates as to what these inconsistencies could have been in its response. However, our initial position is that whatever counsel speculation cannot be upheld by the court because that's not what the BIA relied on. However, even looking at the record, those inconsistencies do not exist. Because first, the government indicates that Mr. Singh never testified that he was questioned by the police about his father's involvement with the Akali Dalman. But Mr. Singh was specifically testifying about his questioning during detention. But the I.J. immediately interrupted him and said, what difference does it make? You know the fact of the matter is he questioned him, he slapped him a few times, and for whatever reason, he said he believed his story and he let him go. Basically, again, he wasn't given an opportunity to explain any perceived inconsistencies. Well, he wasn't given the opportunity to fully explain what he was asked while he was testifying. So, of course, this cannot go and this cannot support any of the BIA's adverse credibility finding, even if the court believes it is an inconsistency. Secondly, government also argues that a second inconsistency is that Mr. Singh's asylum application and his father's affidavit are inconsistent with Mr. Singh's testimony in that Mr. Singh never testified that he was accused of being associated with terrorists and never mentioned that the police wanted to kill him. But, of course, this inconsistency does not exist on both counts as well. First, Mr. Singh testified repeatedly that he was questioned regarding his association with his father's associate and suspected terrorist, Kashmir Singh. This, of course, is inconsistent with his asylum application and his father's affidavit. Secondly, when he was testifying regarding his third arrest, Mr. Singh testified that the police threatened not to help him with his case if he did not give them the information he sought. Now, this was a clearly not so veiled threat to his life. And this is especially evident because Mr. Singh, immediately after being released during his third arrest, fled from his home in fear of his life. Thus, these inconsistencies simply are not there. But, of course, again, even if the court were to deem that they were, the I.J. never confronted Mr. Singh with these inconsistencies and never provided him an opportunity to testify. I agree with you that the credibility, the adverse credibility determination is not supported by the evidence. What are you asking us to do? Yes. Yes, Your Honor. As the government concedes in its response, the BIA only upheld the I.J.'s decision on the adverse credibility finding. Thus, if the Court finds that the adverse credibility finding is not supported by substantial evidence, we would ask for the Court to remand back to the BIA in order for it to consider the rest of the issues instructing it to find Mr. Singh's testimony as true. It should go back on an open record, though, so that he can be given a chance to explain, correct? Well, Your Honor, our initial position on that is that no. This Court would have to overturn the adverse credibility finding and deem Mr. Singh as credible because, as an initial instance, these alleged inconsistencies that exist, or that the BIA alleges exist, actually do not once we review this record. And based on that, and secondly ---- But if we thought there were inconsistencies, but he just didn't get a proper opportunity to explain them, then it would go back on record. Yes. Yes. If the Court deemed that these were inconsistencies and these could support an adverse credibility finding, then of course the Court ---- What about the Catt claim? Now, the Catt claim, of course, would have to be remanded because the reason that the IJ and the BIA affirmed the denial of Catt was based on his adverse credibility finding. So thus, the Court would have to remand in order for a reassessment of the Catt claim under either finding that ---- under a finding that Mr. Singh is credible. Well, you know, the IJ ---- the BIA's ruling was moreover the Respondent's failure to credibly testify and to present persuasive evidence that the government of India is likely to torture and preclude a grant of his request for protection under the Convention against Torture. Well, yes. So was that an alternative ruling? Your Honor, we would hold that it is not, because as an initial matter, it is ---- his Catt claim hinges on whether his testimony is true and thus the events that he testified to are actually correct in order to determine whether he suffered torture or not. Because otherwise, then it would just be a claim of he has a ---- whether it's more likely than not that he'll be tortured without the consideration of any past torture. And of course, that greatly affects Catt consideration because one of the major components of ---- to determine whether it's more likely than not someone was tortured is whether they suffered past torture in the past. And also, there is a presumption. If they did suffer past torture and at the hands of the government, there's a  And that's why it's so important that we do not relocate under this Court's case law. Thus, it's very important to determine whether he's credible or not. I would reserve the right to ---- Do you want to save a minute and a half there for rebuttal? Yes, I would, Your Honor. Okay. Thank you. Good morning, Your Honors. May I please the Court? My name is Julia Jones, and I represent the Attorney General of the United States. The Board's credibility determination, this Court has held, that credibility determination, the record evidence found in the record would compel this Court to conclude to a contrary conclusion. And Mr. Singh has the burden to demonstrate that the record evidence brings forth that conclusion, but we are sure that he has failed to do so. The Board's adverse credibility decision is based upon two very specific reasons, and the Board is very specific, and these reasons are very cogent, and it's the correct analysis. The first reason that the Board gave was the internal inconsistencies that Mr. Singh provided in his testimony with regard to his father. And as the Board correctly noted, Mr. Singh's father's activities are very important to his claim that he brought forth. If you ---- if the Board ---- if the Court would look at page 250 of the record, Mr. Singh stated that his father lived in the village Shakur, and it was only upon being prompted by his attorney on page 265 of the record that Mr. Singh then all of a sudden stated that his father had left home and he didn't know where he lived. In Mr. Singh's brief to this Court, Mr. Singh provides a lot of possibilities and assumptions and speculations, but his testimony was inconsistent. At first he said that his father lived in the village, and then upon prompting by his counsel, he said his father ---- he did not know where his father lived. Did the immigration judge, though, have an obligation to pursue what he perceived as an inconsistency? At that particular point, the obligate ---- Mr. Singh, the immigration judge did not need to go forth in his saying, look, you ---- at first you testified to this, and now you testify to that. Mr. Singh was well aware of his inconsistent testimony. And in his brief to the Board, he even admitted on page 200, you know, he was quite sincere and consistent and truthful throughout the proceeding, and there is no evidence that he would lie. So he's admitting to himself ---- he's admitting to the brief to the Board that he's not going to lie about it, but he admits that it's an inconsistency, that he had an opportunity to provide the Court, the immigration judge, with the correct information. He later on, upon prompting by his counsel, changed his testimony and said he no longer knew where his father lived. The second reason that the Board gave for the adverse credibility termination was the ---- what was the motivation behind Mr. Singh's arrest? And if the Court would look at Mr. Singh's father affidavit, which is found at 458 of the record, inconsistent with his testimony, you will see the following. Mr. Singh testified on page 253 that the police were alleging ---- was alleging that I was a terrorist, and they were suspecting that I knew where Kashmir Singh  His father's affidavit, however, on page 458 of the record, says it was my activities in Al-Khali Dalman that caused the police and the government to arrest my son, Mr. Singh. These are two separate, distinct motivations, and they both provide inconsistent reasons of why the police allegedly arrested Mr. Singh. With regard to Mr. Singh's first arrest, he said that he was arrested because he was suspected of knowing where Kashmir Singh was, and that's on page 253 of the record. Again, looking at Mr. Singh's affidavit, Mr. Singh's father's affidavit, on 459, Mr. Singh's father stated that the police arrested him that first time and questioned him about my activities in Al-Khali Dalman. Again, very two distinct motivations behind his arrest. The second arrest, which is on page 258 of his testimony, says, like the first time, he was suspected of providing wrong information the first time, and that's why they arrested him the second time, again, wanting to know who is Kashmir Singh and where is he. And the father stated because the second time he was arrested, because they were accusing him of being a terrorist. Again, two separate, very distinct reasons of why he was arrested, and they don't reconcile with one another. The third arrest, Mr. Singh stated, again, they wanted to know about Kashmir Singh, and this is on page 261 and 262 of the record, and he said if he was not helpful, the police was not going to help him at all. His father said that they threatened to kill him. Those are two very distinct, helping him not at all and a threat to kill you, that's quite severe, and that's not what Mr. Singh testified to. So all of the above reasons are supported by substantial evidence in the record, and the board gave very specific reasons of why Mr. Singh was not to be credible. So we would submit that unless this Court is compelled to conclude contrary to the board, that it should deny Mr. Singh's petition for removal. And if we were to disagree with your argument or not, not, not, not adopt your argument, then what's the government's position with respect to the merits of asylum withholding and cap? Right. And that's what we concluded in a footnote in our brief, that under Ventura you would have to remand. And contrary to what Mr. Singh's counsel is asserting, you don't have to determine that Mr. Singh is credible. It can be remanded on an open record for it to back to the board so it can be considered in the first instance. So that would be if the, if the Court feels that it's compelled to conclude that what the board decided was not supported by substantial evidence. Okay. For all, for, for asylum withholding and cap. And that is correct. Are there any other further questions? There appear to be. Thank you very much. Thank you. You had about a minute and a half. Yes, Your Honor. Just quickly, as this Court's President has made clear in Campos, Sanchez, Kwan, Gould, and Chen, if the I.J. does not confront Mr. Singh with an alleged inconsistency and does not offer him an opportunity to explain, that could not support an adverse credibility finding. Since the I.J. did not do that in any of the alleged inconsistencies, at the very least, this Court would have to remand for Mr. Singh to have an opportunity to explain. And, of course, the government also ignores that the I.J. in this case cut off Mr. Singh when he was attempting to testify as to the specifics about the questioning during his alleged, during his arrests. Thus, the I.J. did not allow him an opportunity to explain the full circumstances of that arrest. And then, of course, any omission of details cannot support an adverse credibility finding. Thus, the Respondent would request that this Court reverse the adverse credibility finding, find him credible, or in the alternative remand an open record for Mr. Singh to be able to explain any perceived inconsistencies. Thank you. Okay. I have just one question. Yes. Now, the I.J. in this case seemed to be making an alternative ruling that even if he was truthful, that the police action here was just that. It was police action and was not terrorist activity. And if it's just police overreaching, then it's not, doesn't come under the protection of the asylum. Yes, Your Honor. As an initial matter, our position is that even though the I.J. made that determination, the BIA did not affirm on that determination. Thus, that issue is not before this Court. However, even if it would be, we would argue to the contrary. One, that we would argue first that he was being persecuted because of an imputed political opinion and that, at least in part, the reason that he was arrested was because of that political opinion. Okay. Thank you, counsel. We appreciate arguments on both sides. Matter submitted.
judges: Settle, Fernandez, Paez